First Case, 22-15-16, Napoli v. National Assurance Corporation Ms. Finnerty, whenever you're ready. May it please the Court. Good morning. My name is Megan Catherine Finnerty of the law firm of Offutt Kerman, and I represent the appellant and plaintiff below, Paul Napoli, who together with his wife, is a policyholder on a policy of insurance that was sold to them. By the Napoli National Assurity Corporation, which explicitly promised to defend the appellants if they were sued for claims asserting personal injury, which the policy expressly defined to include defamation and malicious prosecution. So when Mr. Napoli received a complaint filed by Denise Rubin, which asserted that Mr. Napoli and his wife had defamed her by making false statements that she breached her ethical duties as an attorney by revealing private confidences. Wasn't there a general exclusion for business, for torts arising out of business? There's a business activities exclusion in the policy, yes, that's right. And didn't this arise from business? No, that we- No, no. The claim was that she was discriminated against in the business, wasn't it? Then there was this assertion, which you say was a defamation. That's correct. There were two claims alleged. Well, were there two claims alleged, or was this simply a description of the claim that arose out of the business? Well, there were two claims alleged that do arise out of the business, retaliation and discrimination. In addition to those claims as pled, there were numerous allegations that relate to Ms. Rubin's work as Mr. Napoli's personal family counsel, and that Mr. Napoli defamed her by- But is this suit for defamation, or is it for discrimination and retaliation? Well, there are two claims that are for retaliation and discrimination. However, the form of the complaint under longstanding New York law and the label attached to those causes of action are not controlling an analysis of the duty to defend. Rather, the insurance company and the courts have to look to the facts. They have to look to the underlying facts. Are they suing for defamation? Really, are they suing for defamation, or are they suing for discrimination and retaliation? So, based upon the complaint as pled, there are allegations of both, and a New York court cannot disregard the factual claims. I'm not sure I read that complaint that way. Maybe you can point us to some of the allegations in the complaint that you think suggested defamation, because it certainly seems like retaliation for workplace discrimination. Sure. So, starting in paragraph 36, there's allegations that Ms. Napoli alleges that Ms. Rubin was her attorney and personal counsel to the Napoli family. That plaintiff represented Ms. Napoli in this very action, and that plaintiff appeared in correspondence to Vanessa Dennis' prior counsel as Ms. Napoli's counsel. I'm sorry, what page of the appendix are you looking at? I'm sorry, joint appendix page 224, starting in paragraph 36. And then, those allegations from 36 are then subsumed into paragraph 40. Do you want me to, I'm sorry, I realize you're still finding your spot. But, in the joint appendix on 226, it then alleges, defendant Napoli falsely alleges that the affidavit filed on April 25, 2016, in support of Ms. Rubin's successful motion to dismiss the first amended counterclaim, impermissibly disclosed defendant Napoli's confidences in violation of Ms. Rubin's ethical obligations as his counsel. So, counsel, just to come back to the point, I think we're all getting it. When you turn to page 227 and following, there are various claims for relief. None of them are stated under defamation. So, for example, if you have a discrimination claim in violation of the New York City Human Rights Law, that claim would be decided by reference to the New York City Human Rights Law, right? That's correct. And you would only get damages if you could prove a violation of the New York City Human Rights Law, correct? And that would be right if the question was the duty to indemnify. Now, but the question is, the defamation, if they prove defamation, but they do not prove a violation of New York City Human Rights Law, they do not get, the complainant does not get damages on, for example, the first claim of relief, correct? They would get damages for defamation. You would go into court and say, your honor, on claim one, violation of New York City Human Rights Law. The plaintiff has not proven a violation of that. However, if they have proven a defamation claim, we're willing to pay damages? You would say that? I wouldn't take that position, but the question here is the duty to defend on an insurance company's case. No, I understand that. So why? You're saying, though, that there's a possible recovery for defamation action under first claim of relief? And this is specifically- Yes? Yes, this issue that you're raising is specifically why the duty to defend is so exceedingly broad. Have they brought that suit? If they had brought that suit, you would have a right to be defended. Just as if they had sued for wife, she would have a right to be defended. But you never have a right to be defended against what hasn't been brought or against a person who hasn't been sued. But the inquiry for the court and the insurance company is not whether the caption on the cause of action is covered by the policy. No, we're not talking about that. We're talking about what the suit is for, substantively. And the suit is for discrimination and retaliation. If it were a suit for defamation, it would be a different thing. The fact that defamation is described in that, but you could come in and show a thousand defamations, and you still wouldn't win on what the suit was brought for. Respectfully, however, though, that's not New York law on the duty to defend. The duty to defend in New York is enormously broad, but it always goes to the risk that is involved in the suit. And the law will find a remedy even if the cause of action is labeled incorrectly. And we've pointed the court to various cases where... If there's an ultimate finding that Mr. Napoli did not act because of a retaliatory intent, but is still liable for defamation, then yes, that would be an incorrect labeling of the cause of action. And there's a couple opinions that we cite in our reply, specifically bridge metals, industrial versus travelers, where there's a case where there's not a trade dress claim, a pled. But the facts make out a trade dress claim. And so the court says that's enough to trigger the duty to defend, because of the liberal pleading standard. Can I just ask you this, though? Sure. You're talking about defamation, but business activities carve out to defamation and all the other things, right? Personal injury is defined to include a number of things, including defamation, right? Yes. Business activities is a carve out from that entire category, right? That's correct. So if we were to conclude that this entire set of allegations arose from business activities, it doesn't matter what your defamation argument is, right? It's correct that the exclusion would apply to defamation if there wasn't a fact issue as to whether the defamation claim arose out of personal activities, since they relate to Ms. Rubin's representation of the Napoles as their personal family counsel. Before you sit down, can I just ask why this is being brought under a home insurance, a homeowner's policy? It's not in the record, but there's gaps in coverage related to business exclusions, and plus she was their personal family attorney. Is this a professional liability policy? This seems quite obviously a workplace claim, and it seems like professional liability insurance would be the right place for this kind of claim to be made. To be clear, this is much more than a workplace claim. She was their personal family counsel, but beyond that, there are gaps in coverage. There's limitations in workplace coverage that would not apply to Mr. Napoli. Thank you. Reserve a few minutes for rebuttal. Thank you. Mr. Stein. Thank you. May it please the court, Adam Stein on behalf of Apelli National Security Corporation. Your Honor, I think from the tenor of the argument, I believe the court Speak up a little. I apologize. Based on the tenor of the argument, I believe the court understands the issues here. The business activities exclusion in this homeowner's policy is written for the express purpose of limiting coverage to personal liability type claims arising out of homeowner's policies in a homeowner's situation. It was not intended for the business activities of the policyholder. There's been no allegation in this case that the provision itself is in any way ambiguous, so it is the ordinary and plain meaning of its terms is how it is construed. And under that language and with respect to arising under, it is a very broad construction under New York law, and the complaint at issue here has only two causes of action that are asserted against the insured, and that would be for employment discrimination and also for retaliation. And under the broad reading of arising under, both of those claims clearly fall within the business activities exclusion. What would we do if the complaint were fairly read to include both personal and business allegations? Well, in this particular case, the business activities exclusion would, I believe, control, because in here the personal activities were clearly retaliatory in nature. They clearly fell within and followed Mr. Ruben's- But if it is at all a close question about whether the defamation was personal or arose out of the business, then under New York law, which has not a duty to indemnify broadly, but a duty to defend broadly, there would be a duty to defend. But you're saying that this isn't even close. It is not even close in this case. And under these facts, even in the case of a defamation claim, which is part of a concerted, prolonged attempt to harm, in other words, it's not a one-off defamation, but rather part of a campaign, if you will, to harm this individual, we have cited case law in our brief for the proposition that in that circumstance, the intentional acts exclusion would trump the coverage in this case, which is a whole different kettle of fish. I agree with Your Honor. So the short answer is there was no personal activity here. It all arises in retaliation for the dismissal of Ms. Ruben. And in those circumstances, clearly the business activity exclusion applies. There are other exclusions in the policy, the sexual discrimination exclusion, which the court below noted would also cover these claims. It did not rely on that exclusion. It didn't find a need to. But when you take the entirety of the policy written as a whole, and there are other employment-related exclusions there, the clear import of the policy is to limit claims only for homeowner-type liability and not the type of business activity that we are dealing with here. So if the court has any further questions, I will sit down. Thank you, Your Honor. Thank you, counsel. Ms. Finnerty, you're reserved two minutes for a question. Thank you. The reason that the court has to look past the labels on the causes of action to the facts as pled to determine if there's any possibility of coverage is because it's inherently unfair to place the question of coverage in the hands of the underlying plaintiff's attorney, where that's not the purpose for why they're making their pleading. And so the ruling in this case and the denial of the duty to defend breached longstanding tenets of the duty to defend, including that the court must look past the labels, that if the complaint also happens to assert a retaliation claim, it's immaterial if there's also a defamation claim that arises out of personal activities, and that any doubt as to whether this defamation allegations arise out of personal activities because they relate to her personal representation as personal family counsel, that doubt at the duty to defend stage has to be resolved in favor of the policyholder. Because Ruben's allegations that Napoli made defamatory statements about her ethical duties as his personal counsel bring these allegations outside of the business activities exclusion, at least potentially, the duty to defend was triggered. Counsel, can I just ask, and again, I know it's not in the record, but what is the status of this case? It's ongoing. It's ongoing? Yes. And with that, if there's no further questions, we would just ask that this court reverse the ruling below and order National Surety Corporation to defend. Thank you, counsel. Thank you both. I'll take the case under the cross. Thank you.